## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("the Settlement Agreement") is made and entered into by and between on the one hand, Jose Aguaiza ("CLAIMANT"), and on the other, Melva Construction Corp. d/b/a Melva Construction, and Christos Batalias (collectively, "COMPANY"), (all parties collectively, "the Settling Parties"), as of August ____, 2018.

## RECITALS

A. WHEREAS, on or about January 24, 2018, CLAIMANT filed an action (the "Action") against COMPANY alleging, inter alia, that COMPANY failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Eastern District of New York, Case No. 18-CV-507;

B. WHEREAS, the Court has made no determination with respect to the claims presented;

C. WHEREAS, COMPANY admits no wrongdoing nor any liability with respect to CLAIMANT'S allegations;

D. NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1. <u>Consideration.</u> The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. CLAIMANT agrees that he will not seek any further consideration from COMPANY, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2. <u>Settlement Compensation and Release.</u>

In complete settlement of any and all employment-related wage claims, including claims for actual, compensatory, liquidated or other damages, as well as attorneys' fees and costs that CLAIMANT had, has, or may have against the COMPANY, and in consideration for the promises and obligations set forth herein, CLAIMAINT'S counsel shall receive a total gross sum of Twenty-Seven Thousand Five Hundred Dollars ($27,500) ("Settlement Amount") two (2) days after approval of this Agreement by the Court and dismissal of this litigation, except that payment shall not be made before September 11, 2018 as follows:

### Payment

(a) A check in the amount of $8,910.00 shall be made payable to "Jose Aguaiza" which represents settlement of CLAIMANT'S claims for wages, and which, accordingly will be subject to withholdings of income and payroll taxes. With regard to this payment, COMPANY will issue a W-2 form to CLAIMANT.

(b) A check in the amount of $8,910.00 shall be made payable to "Jose Aguaiza" which represents liquidated damages and penalties and, accordingly, from which no withholdings will be made. With regard to this payment, COMPANY will issue an IRS FORM 1099 to CLAIMANT.

(c) A check in the amount of $9,680.00 shall be made payable to "Morrison-Tenenbaum, PLLC" in settlement of all claims for attorneys' fees and costs. With regard to this payment, CLAIMANT'S attorney shall receive an IRS FORM 1099 reflecting such payment.

### Claimant's Release

For and in consideration of the payment provided for in this paragraph 2, subject to the terms and provisions of this Settlement Agreement, CLAIMANT, on behalf of himself and his heirs, executors, administrators, assigns, agents and beneficiaries, if any, hereby fully, finally, irrevocably and forever release and discharges COMPANY, including each of its current and former parent corporations, subsidiary and affiliated companies, divisions, related companies, predecessors, successors, assigns, holding companies officers, directors, shareholders, employees and agents from any and all legal, equitable or other claims related to wages paid to CLAIMANT and hours worked by CLAIMANT during his employment, including claims under the Fair Labor Standards Act and New York Labor Law and supporting New York regulations, and any claims arising under any other federal, state or local statute or regulation that concerns hours worked, the payment of wages, and related record-keeping or notice requirements. CLAIMANT further waives any and all claims for bonuses, commissions, vacation pay, employee fringe benefits, reimbursement of expenses, and/or attorneys' fees and/or costs related to such claims.

3. Taxes. CLAIMANT understands and agrees that, in the event any local, state or federal agency or court determines that any portion of said sum is subject to the additional payment of taxes, it shall be solely CLAIMANT'S responsibility to pay such taxes and CLAIMANT hereby holds COMPANY harmless from such taxes and hereby agrees to indemnify COMPANY against any liability for such taxes and any resulting penalties or interest, except for COMPANY'S portion of FICA and FUTA, if any.

4. Entire Agreement. This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

5. **Changes to Agreement.** This Settlement Agreement may not be changed, amended, modified or terminated except by written instrument signed by each of the Settling Parties to this Settlement Agreement.

6. **Severability.** In the event that any provision of this Settlement Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Settlement Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Settlement Agreement.

7. **Applicable Law.** This Settlement Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of New York.

8. **Waiver.** By signing this Settlement Agreement, CLAIMANT acknowledges that:

   a) He has carefully read, and understands, this Settlement Agreement;

   b) He understands that this Settlement Agreement is **LEGALLY BINDING** and by signing it he gives up certain rights;

   c) He has been given sufficient time to consider his rights and obligations under this Settlement Agreement;

   d) He has voluntarily chosen to enter into this Settlement Agreement and has not been forced or pressured in any way to sign it;

   e) He **KNOWINGLY AND VOLUNTARILY RELEASES** the COMPANY, in their official and individual capacities, and their parents, affiliates, subsidiaries, officers, directors, supervisors, employees, agents, heirs, executors, administrators, assigns, beneficiaries and representatives, from any and all employment-related wage claims he may have, known or unknown, in exchange for the payments and benefits he has obtained by signing, and that these payments and benefits are in addition to any benefit he would have otherwise received if he did not sign this Settlement Agreement;

   f) The Release in this Settlement Agreement includes a **WAIVER OF ALL RIGHTS AND CLAIMS** he may have under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.* and/or the New York Labor Law §§ 190 *et seq.* and §§ 650 *et seq.*; and

   g) This Settlement Agreement does not waive any rights or claims that may arise after this Settlement Agreement is signed and becomes effective, which is when the Court approves and "So-Orders" the Stipulation of Dismissal referenced in paragraph 9 of this Settlement Agreement.

9. **Stipulation of Discontinuance.** Simultaneously with the execution of this Settlement Agreement, counsel for CLAIMANT and COMPANY shall execute a Stipulation of Dismissal with Prejudice in the Action, which stipulation shall be filed with the Court by counsel for CLAIMANT.

10. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts and any Party hereto and/or their respective counsel may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute one and the same instrument. Fax and/or PDF signatures shall be deemed valid for purposes of this Settlement Agreement.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

*José Aguaiza* (signed)
José Aguaiza

ACKNOWLEDGEMENT

State of New York   )
County of New York )ss.:

On the 17TH day of August in the year 2018 before me the undersigned, a Notary Public in and for said State, personally appeared Jose Aguaiza personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity/(ies), and that his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**ROBERT L. KRASELNIK**
**Notary Public, State of New York**
**No. 02KR6341795**
**Qualified in Weschester County**
**Expires May 16, 2020**

Melva Construction Corp.
d/b/a Melva Construction

By: CHRISTOS BATALIAS (signed)
Name:
Title: President

*Christos Batalias* (signed)
Christos Batalias

FF\76658633.1